IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIMOZA MYSLIMI, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-3769 |
| | : | |
| JOSEPH R. BIDEN, JR., *et al.* | : | |

## MEMORANDUM

KEARNEY, J.                                              September 16, 2021

Albanian citizens are suing federal officers asking we order the United States to immediately process their application for Immigrant Visas awaiting action since Summer 2020. They seek prompt relief alleging the Diversity Visa Program requires their visas be issued by September 30, 2021. The United States now moves for an extension of time to respond mindful of ongoing national litigation before Judge Mehta in the District of Columbia or for us to transfer venue to the District of Columbia. The Albanian citizens did not oppose. We grant the United States' motion to transfer to the proper venue in the District of Columbia.

I.   **Factual background**

Congress authorizes the Department of State to grant Diversity Visas to potential immigrants through the United States Diversity Visa Program.[1] The State Department randomly issues visas to qualified applicants.[2] Selected applicants must apply for Immigrant Visas from the Kentucky Consulate Center.[3] The Center then schedules appointments with applicants to complete the process.[4] Immigrant Visas issued through the Diversity Visa Program "must be issued within the [Diversity Visa] Program fiscal year," which ends September 30, 2021.[5]

The State Department selected Mimoza Myslimi, an Albanian citizen, for a Diversity Visa on June 6, 2020.[6] Ms. Myslimi—and her husband, Gramos Myslimi, and her son, Orges

Myslimi—applied to the Center around August 3, 2020.[7]  But the Center has not processed the Myslimis' applications.[8]  The Myslimis allege COVID-19-related travel restrictions caused a delay in processing applications.[9]  The Center is now processing applications but the Myslimis are in the lowest-priority group of applicants.[10]

The Myslimis seek a temporary restraining order, declaratory and injunctive relief, and writ of mandamus against President Joseph R. Biden, Secretary of State Antony Blinken, United States Ambassador to Albania Yuri Kim, Acting Deputy Assistant Secretary for Visa Services Julie M. Stufft, and Acting Director of the Kentucky Consulate Center Morgan D. Miles in their official capacities.[11]  The Myslimis allege the federal officers violated the Administrative Procedure Act by arbitrarily and capriciously failing to process their applications.[12]  They seek a writ of mandamus ordering the State Department to process their applications.[13]

The federal officers moved to transfer venue to the United States District Court for the District of Columbia, arguing the Myslimis failed to plead venue in our District.[14]  The Myslimis chose not to respond.

**II.   Analysis**

The federal officers argue the Myslimis fail to plead venue in our District and ask us to dismiss this action or transfer it to the United States District Court for the District of Columbia.[15]  We agree we lack venue and we transfer the action.

    **A.   The Myslimis fail to plead venue lies here.**

The federal officers argue the Myslimis fail to plead venue because they do not plead the Myslimis reside here, the federal officers reside here, or events or omissions giving rise to the action occurred here.[16]  We agree.

Congress provides venue lies against "officer[s] or employee[s] of the United States . . . acting in [their] official capacity" in districts where: (1) a defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) where the plaintiff resides.[17]

The Myslimis fail to plead venue lies for the federal officers sued in their official capacities. The federal officers do not "reside" in our District. They reside in the District of Columbia.[18] The Myslimis plead the federal officers "are located in this District" because the State Department "availed itself" of Pennsylvania by "maintaining offices" in Philadelphia.[19] But the Myslimis conflate personal jurisdiction—which concerns purposeful availment[20]—with venue, which concerns where the federal officers "reside."[21]

The Myslimis also fail to plead a substantial part of the events giving rise to the claim occurred here. They plead almost nothing regarding our District. The only fact the Myslimis plead concerning our District is the Myslimis plan to fly into the United States through the Philadelphia International Airport if they obtain Immigrant Visas.[22] But prospective events do not give rise to a claim.[23]

The Myslimis fail to plead they reside here. They plead they reside in Albania.[24] We lack venue.

### B. We transfer this action to the United States District Court for the District of Columbia.

The federal defendants ask us to dismiss the action or transfer it to the United States District Court for the District of Columbia because immigration-related decision-making occurs there, transfer would serve judicial economy, and Judge Mehta consolidated similar actions.[25] We agree.

We must dismiss an action or, in the interests of justice, transfer it to a venue in which the Myslimis could have brought it if we lack venue.[26] Transfers remove obstacles which "may impede an expeditious and orderly adjudication of cases and controversies on their merits."[27]

Transfer to the District Court for the District of Columbia serves the interests of justice. The Myslimis could have brought this action in the District Court for the District of Columbia because the federal officers reside there. Several actions regarding the Diversity Visa Program are pending in the District of Columbia.[28] Judge Mehta, in the District of Columbia, has issued fulsome opinions regarding visa applications delayed due to COVID-19.[29] Transfer will expedite resolution of this allegedly time-sensitive matter.[30] We transfer this action to the United States District Court for the District of Columbia.[31]

### III.  Conclusion

United States officers sued in our District argue we lack venue because they do not reside here, the Myslimis do not reside here, and the events giving rise to the action did not occur here. We agree. We transfer the action to the United States District Court for the District of Columbia in the interests of justice.

---

[1] ECF Doc. No. 1 ¶¶ 11–12; *see also* 8 U.S.C. § 1153(c).

[2] ECF Doc. No. 1 ¶ 12.

[3] *Id.* ¶ 20.

[4] *Id.* ¶ 22.

[5] *Id.* ¶¶ 24–25.

[6] *Id.* ¶ 1.

[7] *Id.* ¶¶ 35–36.

[8] *Id.* ¶ 62.

[9] *Id.* ¶¶ 39–40.

[10] *Id.* ¶¶ 45, 55.

---

[11] *Id.* at 1–2.

[12] *Id.* at ¶¶ 66–72.

[13] *Id.* at ¶¶ 73–80.

[14] ECF Doc. No. 4.

[15] ECF Doc. No. 4-1 at 2–5.

[16] *Id.* at 2–3.

[17] 28 U.S.C. § 1391(e)(1).

[18] *See Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978) (federal agencies "reside[]" in the District of Columbia, not in every state where they maintain an office); *see also Superior Oil Co. v. Andrus*, 656 F.2d 33, 40–41 (3d Cir. 1981) (interpreting a different subsection, but agreeing with *Donnelly*'s reasoning); *Adams, Nash & Haskell, Inc. v. United States*, No. 19-03529, 2020 WL 1305620, at *2 (D.N.J. Mar. 19, 2020) ("For purposes of § 1391(e)(1)(A), the United States and its agencies reside in Washington, D.C.").

[19] ECF Doc. No. 1 ¶ 10.

[20] *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 318 (3d Cir. 2007).

[21] *See, e.g.*, *Davies Precision Machining, Inc. v. Def. Logistics Agency*, 825 F. Supp. 105, 107 (E.D. Pa. 1993) (rejecting argument plaintiffs may sue United States agency in our District simply because it "maintains offices" here).

[22] ECF Doc. No. 1 ¶ 10.

[23] *See Reuben H. Donnelley*, 580 F.2d at 268 ("The injury which [plaintiff] speaks of, however, is not the injury which comprises part of its present cause of action; rather it is the impact which may result at the end of the administrative proceeding. To base a venue determination on the possibility of some future administrative ruling approaches the question backwards.").

[24] ECF Doc. No. 1 ¶¶ 1–3.

[25] ECF Doc. No. 4-1 at 4–5; *see Goodluck v. Biden*, No. 21-1530 (D.D.C. 2021) (Mehta, J.) (consolidating cases regarding Diversity Visas).

[26] 28 U.S.C. § 1406(a).

[27] *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (internal quotations omitted), *as amended* (July 19, 2007), *as amended* (Nov. 23, 2007).

---

[28] *See* ECF Doc. No. 4-1 at 4 (compiling cases).

[29] *See generally Gomez v. Biden*, No. 20-01419, 2021 WL 3663535 (D.D.C. Aug. 17, 2021); *Gomez v. Trump*, 490 F. Supp. 3d 276 (D.D.C. 2020).

[30] *See* ECF Doc. No. 1 ¶ 24.

[31] The federal officers also moved to extend their time to answer the Myslimis' Complaint. *See* ECF Doc. No. 4-1 at 2. We need not address this argument as we grant Defendants' Motion to transfer venue requiring the federal officers to still timely respond in the District of Columbia.